IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES S. TANNE and<br>MEGAN M. TANNE,<br><br>          Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE SERVICE<br><br>          Defendant. | **REPORT AND RECOMMENDATION RE:<br>MOTION TO ACCEPT AS FILED (ECF<br>NO. 4)**<br><br><br>Case No.  2:15-CV-00296-RJS-EJF<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiffs James S. Tanne and Megan M. Tanne move the Court[1] to accept their Complaint as filed on April 16, 2015, the date Mr. Tanne first mailed the Complaint.  (Mot. to Accept as Filed ("Mot.") 7, ECF No. 4.)  Having carefully reviewed the parties' briefing and case record, the undersigned RECOMMENDS the Court deny Mr. and Mrs. Tanne's Motion because no rule or case precedent provides for backdating the filing of a complaint by a non-incarcerated person to the time of mailing.  However, because the record indicates the Court received Mr. Tanne's initial mailing no later than April 20, 2015, the undersigned further RECOMMENDS the Court deem the Complaint filed on April 20, 2015.  The undersigned prepared this Report and Recommendation because this issue may prove dispositive of Mr. and Mrs. Tanne's case.

## FACTUAL AND PROCEDURAL HISTORY

On April 16, 2015, Mr. Tanne mailed via certified mail the Complaint to the Court upon learning that *pro se* litigants cannot file a complaint on-line.  (Mot. 2, 7, ECF No. 4.)  On April

---

[1] On August 11, 2015, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)

20, 2015, the Court sent Mr. and Mrs. Tanne a letter explaining that the Complaint was deficient because it lacked Mrs. Tanne's original signature.  (Ex. 4, ECF No. 4-1.)  Mr. and Mrs. Tanne subsequently resubmitted the Complaint with both of their signatures (Compl. 25, ECF No. 3), and the Court received the proper Complaint on April 28, 2015.  (Compl. 1, ECF No. 3.)  The Clerk of the Court filed the Complaint the next day, on April 29, 2015.  (*Id.*)  Mr. and Mrs. Tanne request the Court exercise its equitable discretion to deem the Complaint filed on April 16, 2015, the date Mr. Tanne originally mailed it, arguing that the omission of Mrs. Tanne's signature qualifies as a mere "clerical error extrinsic from the actual subject matter, otherwise harmless." (Mot. 7, ECF No. 4.)  The United States failed to respond to the Motion directly but argues in its Motion to Dismiss that "the relevant filing date is the date the Clerk [of the Court] received the Complaint, rather than the date the Complaint was mailed."  (United States' Mot. to Dismiss 12, ECF No. 12.)

## DISCUSSION

To begin a civil action in federal court, a plaintiff must "fil[e] a complaint with the court."  Fed. R. Civ. P. 3.  Parties file a paper with the court "by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk."  Fed. R. Civ. P. 5(d)(2).  For statute of limitations purposes, some courts have interpreted Rule 5(d) to make the date the Court Clerk receives the complaint the filing date.  *See Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (noting that "courts have deemed the complaint 'filed' upon presentation to the court clerk when accompanied by an [*in forma pauperis*] motion"); *Scott v. U.S. Veteran's Admin.*, 929 F.2d 146, 147 (5th Cir. 1991) ("The relevant date for purposes of a statutory time limitation is the date a complaint is received by the Clerk."); *Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 921 (9th

Cir. 1987) (holding a complaint constructively filed when delivered to the court clerk, even if the complaint did not comply with local rules).  Other courts have held filing only complete upon receipt of the document and filing fee.  *See Robinson v. Am.'s Best Contacts & Eyeglasses*, 876 F.2d 596, 597-99 (7th Cir. 1989) (refusing to deem *pro se* plaintiff's complaint filed until plaintiff had paid the filing fee where court denied plaintiff's *in forma pauperis* petition); *Wanamaker v. Columbian Rope Co.*, 713 F. Supp. 533, 537-39 (N.D.N.Y. 1989) (deeming plaintiff's complaint filed when he paid filing fee to court clerk).  The Tenth Circuit held it will "articulate no absolute rule, but leave the matter to each district court, within the bounds of § 1914." *Jarrett*, 22 F.3d at 259.  The District of Utah appears to follow the rule that the plaintiff completes the filing when the Court Clerk receives the complaint.  *See Garza v. Burnett*, 672 F.3d 1217, 1219 n.1 (10th Cir. 2012) (noting "filing date relates back to the date of the complaint's receipt").

According to the date stamp on the mailing envelope, Mr. and Mrs. Tanne mailed their Complaint to the Court on April 16, 2015.  (Ex. 1, ECF No. 4-1.)  The record does not indicate when the Court received this initial mailing; however, on April 20, 2015, the Court Clerk notified Mr. and Mrs. Tanne that the Complaint was deficient because it lacked Mrs. Tanne's original signature.  (Ex. 4, ECF No. 4-1.)  Thus, we know the Court Clerk had the Complaint on April 20, 2015.[2]  Mrs. Tanne subsequently signed the Complaint, and the Court received a resubmission on April 28, 2015.  (Compl. 1, ECF No. 3.)

In *Adams v. Perloff Bros., Inc.*, a factually similar case, the Eastern District of Pennsylvania held that the effective filing date of a complaint for statute of limitations purposes

---

[2] If Mr. and Mrs. Tanne can prove the Court Clerk received the Complaint at an earlier date, they may submit such proof to the Court for consideration with an Objection to this Report and Recommendation or by another Motion to Reset the Complaint's Filing Date.

should be the date the court clerk receives the unsigned complaint.  784 F. Supp. 1195, 1200 (E.D. Pa. 1992).  There, the plaintiff, also proceeding *pro se*, personally delivered an unsigned copy of his Title VII complaint to the court on April 30, 1991, nine days before the statutory filing deadline.  *Id.* at 1199.  Thereafter, he mailed a signed copy of the complaint to the court, which the court likely received on May 10, 1991, one day after the statutory deadline.  *Id.*  The court concluded that because the plaintiff promptly corrected the omission, in accordance with Rule 11(a), the court should deem his complaint constructively filed on April 30, 1991, the day he first presented it to the court clerk.  *Id.* at 1200.  The court reasoned such a result comports with the well-recognized principle that courts should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers."  *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Under this analysis the Court should deem the Complaint filed on April 20, 2015.

The Supreme Court created an exception to the rule that the date the court clerk receives a paper establishes its filing date:  Specifically, the "mailbox rule" applies to *pro se* prisoners filing notices of appeal and provides that courts should deem their papers filed when delivered to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 269-271 (1988).  The Supreme Court explained the necessity of such an exception as follows:  Unlike other litigants, "the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay."  *Id.* at 271. While the Tenth Circuit has extended the mailbox rule to other filings by *pro se* prisoners, *Price v. Philpot*, 420 F.3d 1158, 1164 & n.4 (10th Cir. 2005), the undersigned can find no authority, nor do Mr. and Mrs. Tanne cite any authority, that extends the mailbox rule to filings in civil cases by non-incarcerated individuals.  Furthermore, district courts within the Tenth Circuit have

explicitly declined to extend the exception.  *See Landrum v. Wakefield & Assocs., Inc.*, No. 08-CV-0283, 2009 WL 523104, at *3 (N.D. Okla. Mar. 2, 2009) (declining to apply mailbox rule to non-incarcerated plaintiff's Title VII claim); *Lash v. Trujillo*, No. 04-CV-00868, 2005 WL 1924426, at *2 (D. Colo. Aug. 10, 2005) (declining to apply mailbox rule to *pro se* non-incarcerated plaintiff's § 1983 claim).  Hence, the undersigned RECOMMENDS the Court deny Mr. and Mrs. Tanne's request to apply the mailbox rule to their tax-refund claims.

Finding *Adams* persuasive, because the record does not establish that the Court received Mr. and Mrs. Tanne's initial mailing before April 20, 2015, the undersigned RECOMMENDS the Court deem the Complaint constructively filed on April 20, 2015.

## RECOMMENDATION

Because Mr. and Mrs. Tanne are not incarcerated, the undersigned RECOMMENDS the Court deny Mr. and Mrs. Tanne's request to deem the Complaint filed on April 16, 2015, the original date of mailing.  However, because the Court received the original mailing no later than April 20, 2015, and because Mrs. Tanne promptly corrected her omitted signature, the undersigned further RECOMMENDS the Court deem the Complaint constructively filed on April 20, 2015.

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 9th day of March, 2016.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge