IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES S. TANNE and MEGAN M. TANNE, <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE SERVICE, <br><br> Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 2:15-cv-00296-RJS <br><br> Judge Robert J. Shelby |

Plaintiffs James S. Tanne and Megan M. Tanne mailed their Complaint to the court on April 16, 2015.[1]  On April 20, 2015, the court sent Mr. and Mrs. Tanne a letter explaining that the Complaint was deficient because it lacked Mrs. Tanne's original signature.[2]  Mr. and Mrs. Tanne then resubmitted their Complaint with both of their signatures.  The docket for this case indicates that the court received the Complaint on April 28, 2015, and that the Clerk of the Court filed it on April 29, 2015.[3]

Mr. and Mrs. Tanne then moved the court to accept their Complaint as filed on April 16, 2015, the date Mr. Tanne first mailed the Complaint to the court.[4]  The case was later referred to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B).[5]

Judge Furse issued a Report and Recommendation on March 9, 2016.[6]  Judge Furse

---

[1] Dkt. 4.
[2] *Id.*, Ex. 4.
[3] Dkt. 3.
[4] Dkt. 4.
[5] Dkt. 5.
[6] Dkt. 38.

1

recommended that the court deny Mr. and Mrs. Tanne motion "because no rule or case precedent provides for backdating the filing of a complaint by a non-incarcerated person to the time of mailing."[7] But Judge Furse also recommended that the court deem the Complaint filed on April 20, 2015, because the court's April 20, 2015 letter to Mr. and Mrs. Tanne shows that the court received Mr. Tanne's initial filing no later than April 20, 2015.[8]

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party has fourteen days from receipt of a Report and Recommendation in which to file an objection. Neither party has done so. In the absence of an objection, the court may apply a clearly erroneous standard of review.[9] Under this deferential standard, the court will affirm a Magistrate Judge's ruling unless the court "'is left with the definite and firm conviction that a mistake has been committed.'"[10]

After carefully reviewing the briefing, record, and relevant legal authorities, the court concludes that Judge Furse did not clearly err in analyzing Mr. and Mrs. Tanne's motion. The court therefore ADOPTS the Recommendation, DENIES Mr. and Mrs. Tanne's motion, and deems Mr. and Mrs. Tanne's Complaint filed on April 20, 2015.

SO ORDERED this 29th day of March, 2016.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[7] Dkt. 26 at 1.
[8] *Id.*
[9] *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (citing 28 U.S.C. § 636(b)(1)).
[10] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).