IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES S. TANNE and MEGAN M. TANNE, <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE SERVICE <br><br> Defendant. | REPORT AND RECOMMENDATION RE: MOTION TO DISMISS (ECF NO. 12); MOTION FOR ENTRY OF DEFAULT (ECF NO. 13); MOTION TO STRIKE AND REQUEST FOR EXTENSION TO RESPOND (ECF NO. 21); MOTION TO ADJOURN OR OTHERWISE RESCHEDULE HEARING (ECF NO. 38) <br><br> Case No. 2:15-cv-00296-RJS-EJF <br><br> Judge Robert J. Shelby <br><br> Magistrate Judge Evelyn J. Furse |

This Report and Recommendation concerns the United States' Motion to Dismiss (United States' Mot. to Dismiss ("Mot. to Dismiss"), ECF No. 12), Plaintiffs James S. Tanne and Megan M. Tanne's Request for Entry of Default (ECF No. 13), and Mr. and Mrs. Tanne's Motion to Strike the United States' Motion to Dismiss (ECF No. 21.) Having carefully reviewed the parties' briefing and the case record and heard the parties' oral arguments, the undersigned[1] RECOMMENDS the Court treat the Motion to Dismiss for insufficient service of process under Rule 12(b)(5) as a Motion to Quash Service, grant it, and, should the Court allow Mr. and Mrs. Tanne to file a second amended complaint, the undersigned would direct the United States Marshal Service to serve process on the United States within thirty (30) days of filing of the second amended complaint. Additionally, the undersigned RECOMMENDS the Court DENY

---

[1] On August 11, 2015, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

1

Mr. and Mrs. Tanne's Motion for Entry of Default and Motion to Strike because Mr. and Mrs. Tanne have not served the United States properly. Furthermore, the undersigned RECOMMENDS the Court GRANT the United States' Motion to Dismiss on statute of limitations and claim preclusion grounds with prejudice. If the Court adopts this Report and Recommendation, any amendment of the existing claims would prove futile. However, Mr. Tanne did suggest he may seek permission to add a claim.

The Court DENIES Mr. and Mrs. Tanne's Request for Extension of time to respond to the Motion to Dismiss (ECF No. 21) for lack of good cause. Lastly, the Court DENIES Mr. and Mrs. Tanne's Motion to Adjourn or Otherwise Reschedule Hearing (ECF No. 38) because the documents sought relate to the 2005 tax year and even if obtained would not change the application of claim preclusion and could have been obtained at an earlier date prior to the completion of briefing in this matter.

## FACTUAL AND PROCEDURAL HISTORY

On April 20, 2015, Mr. and Mrs. Tanne filed a Complaint seeking refunds of tax overpayments for the 2004 and 2005 tax years. (Compl. ¶ 68, ECF No. 3; Order Adopting R. & R., ECF No. 27.) Mr. Tanne initially mailed the Complaint to the Court on April 16, 2015, and certifies that he delivered a copy of the Complaint and Summons to the Internal Revenue Service ("IRS") that same day. (Proof of Service, ECF No. 18.) On August 14, 2015, Mr. Tanne moved for leave to file an amended complaint, which the Court granted on August 18, 2015.[2] (ECF Nos. 6 & 8.)

---

[2] While Mr. Tanne attached the proposed Amended Complaint to his motion, he never filed the Amended Complaint after the Court granted leave. Because the United States' Motion to Dismiss references the Amended Complaint and the Tannes intended to proceed on that Complaint, the undersigned will refer to the Amended Complaint for purposes of this Report and Recommendation and deem it filed.

Also on August 14, 2015, Mr. Tanne personally delivered a copy of the Complaint and Summons to Assistant U.S. Attorney John K. Mangum, who Mr. Tanne alleges accepted service on behalf of the IRS. (Aff. Supp. Req. for Entry of Default ("James Tanne Aff.") ¶ 6, ECF No. 16.) Mr. Tanne submitted a Proof of Service attesting that he personally served the U.S. Attorney's Office. (ECF No. 7.) On October 14, 2015, the United States, substituting itself as the proper Defendant, filed the instant Motion to Dismiss. (ECF No. 12.) On October 16, 2015, Mr. and Mrs. Tanne moved for an entry of default, (ECF No. 13), contending that the IRS had not filed a timely response within sixty days of service of the Complaint. (James Tanne Aff. ¶¶ 10-12, ECF No. 16.) That same day, Mr. Tanne personally mailed a copy of the Complaint to the Attorney General. (ECF No. 19.) On October 28, 2015, Steven Seely, a non-party, mailed a copy of the Summons to the U.S. Attorney's Office for the District of Utah. (ECF No. 21-2 at 2.) Finally, on November 10, 2015, Mr. Tanne moved to strike the United States' Motion to Dismiss as untimely and requested a hearing regarding the Motion to Dismiss. (ECF Nos. 20, 21.)

## STANDARDS FOR PRO SE FILINGS

A court must construe a *pro se* plaintiff's filings liberally, *e.g., Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010), but the court cannot act as the litigant's advocate and make legally cognizable arguments for him, *see*, *e.g., Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Although a court holds *pro se* pleadings "to a less stringent standard than formal pleadings drafted by lawyers," a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) & *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

**PROPER DEFENDANT**

As a preliminary matter, the undersigned agrees with the United States that Mr. and Mrs. Tanne incorrectly named the Commissioner of the IRS as the Defendant in this case. (*See* Mot. to Dismiss 1 & n.1, ECF No. 12.) Civil actions for tax refunds "may be maintained only against the United States and not against any officer or employee of the United States." 26 U.S.C. § 7422(f)(1); *Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1226 (W.D. Okla. 1997) (acknowledging that where claim would be payable from treasury, the United States is the defendant). Once a plaintiff properly serves process on the United States, courts must substitute the United States as the proper defendant if the plaintiff mistakenly named individual officers. 26 U.S.C. § 7422(f)(2); *Russell v. Rook*, 893 F. Supp. 949,951 (E.D. Wash. 1995).

**DISCUSSION**

**I.     Mr. and Mrs. Tanne Did Not Serve the United States Properly.**

The United States argues Mr. and Mrs. Tanne failed to effect proper service. (Mot. to Dismiss 5, ECF No. 12.) To serve the United States properly, a plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Moreover, only a "person who is at least 18 years old and not a party may serve a summons and complaint" upon the defendant and must do so "within 120 days after the

complaint is filed." Fed. R. Civ. P. 4(c)(2), (m).[3] The Tenth Circuit has held that the nonparty service requirement applies to serving the United States, meaning if the plaintiff elects service by mail, "only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010). The United States may not waive service of process, *id.* at 1213, and **actual knowledge of a lawsuit does not excuse proper service**. *See Burnham v. Humphrey Hosp. REIT Trust, Inc.*, 403 F.3d 709, 716 (10th Cir. 2005) (noting actual knowledge combined with lack of prejudice still may not excuse proper service); *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1255 (W.D. Okla. 2011) (holding defendant's actual knowledge of plaintiffs' lawsuit does not dispense with service requirements under Oklahoma law or the Federal Rules of Civil Procedure); *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (noting actual knowledge of a lawsuit may not substitute for proper service under Rule 4).

Here, Mr. and Mrs. Tanne's attempts at service remain deficient in several respects. Mr. and Mrs. Tanne filed their Complaint on April 20, 2015, leaving until August 18, 2015, to effect proper service on the U.S. Attorney's Office, the Attorney General, and the IRS. Fed. R. Civ. P. 4(m), 4(i)(1). Mr. Tanne claims that on August 14, 2015, he personally served John Mangum, an assistant U.S. attorney, with the Summons and Complaint. (James Tanne Aff. ¶ 6, ECF No. 16.) Assuming Mr. Mangum had the authority to accept service, a question the Tenth Circuit has not yet decided, *see Constien*, 628 F.3d at 1213 n.6 (finding the language of Rule 4(i) "ambiguous

---

[3] The amended Rule 4(m) took effect on December 1, 2015, and reduces the time for serving a defendant from 120 days to 90 days. This amendment does not apply to Mr. and Mrs. Tanne's attempted service, however, because it became effective only after the original 120 days for service had passed. *See Swan v. Fauvel*, No. 15-cv-00103-WJM-NYW, 2015 WL 7755493, at *7 n.4 (D. Colo. Dec. 2, 2015) (unpublished) (noting Rule 4(m) amendment did not apply to the analysis of the plaintiff's failure to serve because it did not become effective until after plaintiff filed his complaint and 120 days had passed).

regarding whether assistant United States attorneys need to be designated for service of process"), Mr. Tanne still violated Rule 4(c)(2) by personally serving Mr. Mangum. *See id.* at 1215 n.7 (holding the 2007 stylistic revision to Rule 4(i)(1) "was not intended to change the long-recognized requirement that only a process server, not the party, can serve process by personally delivering the documents").

Second, Mr. and Mrs. Tanne never correctly served the Attorney General. The record indicates that Mr. Tanne mailed via certified mail a copy of the Complaint to the Attorney General on October 16, 2015. (Certificate of Service 2, ECF No. 19.) Not only did Mr. Tanne effect service fifty-nine days late, Mr. Tanne again made the mistake of personally serving the Attorney General. *See Constien*, 628 F.3d at 1217 (holding service by personal mailing to the Attorney General violates Rule 4(c)). Furthermore, the Certificate of Service states only that Mr. Tanne mailed a copy of the Complaint to the Attorney General and remains silent as to whether he included the Summons. (Certificate of Service, ECF No. 19; Fed. R. Civ. P. 4(c)(1), 4(i)(1)(B).) Lastly, when Steven Seely, a nonparty, attempted to serve the Attorney General on October 28, 2015, he swore he mailed a copy of the Summons and makes no representations regarding the Complaint. (Proof of Service 2, ECF No. 21-2.)

Third, Mr. and Mrs. Tanne never correctly served the IRS. Because Mr. and Mrs. Tanne challenge the IRS's decisions, Rule 4(i)(1)(C) requires service to the IRS of a copy of the Complaint and Summons. Fed. R. Civ. P. 4(i)(1)(C). Mr. Tanne claims he mailed via certified mail a copy of the Complaint to the IRS on April 16, 2015. (James Tanne Aff. ¶ 2, ECF No. 16; Certificate of Service, ECF No. 18.) In doing so, Mr. Tanne violated Rule 4(c)(2) and 4(i)(1)(C) by attempting to serve the IRS personally. Thus, the Tannes have yet to effect proper service on the United States.

While the United States seeks dismissal for this failure under Rule 12(b)(5), courts may treat a Rule 12(b)(5) motion for insufficient service of process as a motion to quash service of process. 27A TRACY BATEMAN FARRELL ET AL., FED. PROC. LAWYERS ED. § 62:458 (2015). If a plaintiff fails to effect service of process within Rule 4(m)'s prescribed time limit, courts may "order that service be made within a specified time" after notifying the plaintiff. Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841-42 (10th Cir. 1995). Because Mr. and Mrs. Tanne proceed pro se and *in forma pauperis*, the undersigned RECOMMENDS the Court treat the 12(b)(5) Motion as a Motion to Quash Service and grant it. Moreover, where the Court authorizes a plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court bears the responsibility of effecting service. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.4 (10th Cir. 2003) (holding a request by a plaintiff proceeding *in forma pauperis* for the U.S. Marshal to effect service unnecessary under Rule 4). Thus, should the Court allow Mr. and Mrs. Tanne to file a second amended complaint, the undersigned will enter an order directing the U.S. Marshal Service to serve process on the U.S. Attorney's Office, the Attorney General, and the IRS within thirty (30) days of the second amended complaint's filing.

    **II.**    **Motion to Strike and Motion for Default**

Mr. and Mrs. Tanne request the Court strike the United States' Motion to Dismiss and grant them default judgment because the United States failed to respond timely or otherwise defend within sixty days of service of the Complaint. (Mot. to Strike Def.'s Untimely Mot. to Dismiss & Req. for Extension to Respond 1-2, ECF No. 21; Req. for Entry of Default, ECF No. 13.) Not only do courts disfavor default judgments, *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988), but courts cannot enter a default order against a defendant before the plaintiff properly serves that defendant. *Commodities Future Trading Comm'n v. Wall St.*

*Underground, Inc.*, 221 F.R.D. 554, 558 (D. Kan. 2004). Similarly, "a party has no duty to plead until properly served." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008). Therefore, the United States had no obligation to file a Motion to Dismiss or even make an appearance. Hence, the undersigned RECOMMENDS the Court DENY Mr. and Mrs. Tanne's Request for Entry of Default and Motion to Strike the United States' Motion to Dismiss.

**III.    The Limitations Period of 26 U.S.C. § 6532(a)(1) Bars Mr. and Mrs. Tanne From Bringing Their 2004 Tax Refund Claim.**

The United States argues 26 U.S.C. § 6511 and § 6532 bar Mr. and Mrs. Tanne's 2004 refund claim. (Mot. to Dismiss 10-12, ECF No. 12.) The United States possesses sovereign immunity from suit unless expressly waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). As the parties acknowledge, in 28 U.S.C. § 1346(a)(1), the United States waives sovereign immunity for taxpayers seeking refunds for tax erroneously or illegally collected. However, a taxpayer's right to bring suit under § 1346(a)(1) depends on her compliance with other related statutory provisions. *U.S. v. Dalm*, 494 U.S. 596, 601 (1990). First, the taxpayer must file a claim for refund or credit with the Secretary. 26 U.S.C. § 7422(a). Second, the taxpayer must file that claim "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such period expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). Unless the taxpayer complies with both of these statutory provisions, she may not maintain a suit for a tax refund in any court. *Dalm*, 494 U.S. at 602. Courts lack jurisdiction to hear suits where the taxpayer fails to file a timely claim. *Id.* at 609-10.

Mr. and Mrs. Tanne filed a tax return for the 2004 tax year on August 14, 2008. (Am. Compl. ¶ 6, ECF No. 6-1.) The parties stipulated in Tax Court case, No. 28818-11, that the IRS had offset Mr. and Mrs. Tanne's 2004 tax year with an overpayment for the 2006 tax year on

March 29, 2010, which served as final payment for 2004.  (Stipulation of Facts ¶¶ 17-19, ECF No. 12-1 at 10.)  A court may "take judicial notice of its own files and records, as well as facts which are a matter of public record," and consider such documents in a motion to dismiss without converting the motion into one for summary judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by* *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)).  However, courts may only consider such documents "to show their contents, not to prove the truth of the matters asserted."  *Id.* (quoting *Oxford v. Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotations omitted)).  In this case, the United States asks the Court to take notice of the parties' Tax Court stipulation to establish the date on which Mr. and Mrs. Tanne made the final payment on their 2004 taxes, a fact asserted in the filing, not a fact accomplished by the filing.  (Mot. to Dismiss 10, ECF No. 12.)  The Court may not take judicial notice of the final payment date, however, because it would have to assume the truth of the matter asserted to do so.  Additionally, the undersigned notes that the stipulation begins with the caveat that the parties stipulate to the facts for the purpose of the Tax Court case.  (Stipulation of Facts, ECF No. 12-1 at 6.)

Thus, the undersigned turns to the allegations of the Complaint.  Mr. and Mrs. Tanne allege they filed a Form 843 claim for a refund of their 2004 taxes on February 9, 2013.  (Am. Compl. ¶ 10, ECF No. 6-1.)  The Tannes do not allege when they made their final 2004 payment.  (*See id.* at ¶ 11.)  Without knowing when Mr. and Mrs. Tanne paid their 2004 taxes, the Court lacks sufficient information to determine whether the Tannes complied with 26 U.S.C. § 6511(a) in making that claim.

Regardless of whether Mr. and Mrs. Tanne complied with § 6511(a), however, Mr. and Mrs. Tanne failed to file their Complaint regarding their 2004 tax refund claim on time. 26 U.S.C. § 6532 provides, in relevant part:

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1). Mr. and Mrs. Tanne claim that the IRS denied their 2004 tax refund claim on April 16, 2013. (Am. Compl. ¶ 13, ECF No. 6-1.) Under § 6532(a)(1), Mr. and Mrs. Tanne had until April 16, 2015, to file the instant lawsuit. While Mr. and Mrs. Tanne mailed their Complaint on April 16, 2015, they did not file their Complaint until April 20, 2015, four days after the statutory deadline. (ECF Nos. 3, 27.) Thus, the statute of limitations on the Tannes' 2004 tax refund claim has run.

Alternatively, Mr. and Mrs. Tanne argue the Court should recognize equitable tolling while the parties attempted to settle this matter in Tax Court between December 2011 and February 2013. (Am. Compl. ¶¶ 53-54, ECF No. 6-1.) In *United States v. Brockamp*, the Supreme Court declined to find an implied equitable tolling exception in 26 U.S.C. § 6511. *United States v. Brockamp*, 519 U.S. 347, 350 (1997). The Supreme Court explained that while ordinary limitations statutes "use fairly simple language, which one can often plausibly read as containing an implied 'equitable tolling' exception," § 6511 "sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Id.* Further, because "§ 6511 reiterates its limitations several times in several different ways" and sets forth explicit exceptions to its time limits that do not include equitable tolling, the Supreme Court concluded that Congress did not intend courts to read an equitable tolling exception into the statute. *Id.* at 350-52.

Shortly after the Supreme Court decided *Brockamp*, the Federal Circuit employed *Brockamp*'s reasoning in declining to find an equitable tolling exception in 26 U.S.C. § 6532(a) as well. *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed. Cir. 1998). Like § 6511, the Federal Circuit noted § 6532(a) "sets forth its limitations in a detailed, technical manner, and reiterates the two year limitations in subsections (1), (2) and (3)." *Id.* Moreover, the court noted § 6532(a)(4) "explicitly prohibits equitable considerations based on the actions of the IRS after a notice [of disallowance] is issued." *Id.* Thus, the court concluded *Brockamp*'s reasoning for declining to find an equitable tolling exception in § 6511 applies even more forcibly to § 6532(a). *Id.* Following the reasoning in *RHI Holdings*, the undersigned concludes the Court lacks authority to apply equitable tolling to Mr. and Mrs. Tanne's 2004 tax refund claim.

Moreover, the time Mr. and Mrs. Tanne seek to exclude comes before the alleged denial of their 2004 tax refund. Specifically, the Tannes seek to exclude time from December 2011 to February 2013. (Am. Compl. ¶¶ 53-54, ECF No. 6-1.) But, the statute of limitations did not begin to run until April 2013. Thus, even if the Court were to allow equitable tolling, it would not toll the running of the statute of limitations that began to run after the alleged tolling period.

Therefore, Mr. and Mrs. Tanne's claim for a refund of their 2004 tax payments falls outside the statute of limitations. Where a statute of limitations bars a claim, allowing amendment would prove futile. *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010). Therefore, the undersigned RECOMMENDS dismissal of the Tannes' 2004 refund claim with prejudice.

### IV. Res Judicata Prevents Mr. and Mrs. Tanne From Bringing Their 2005 Tax Refund Claim.

Lastly, the United States argues res judicata bars Mr. and Mrs. Tanne's 2005 refund claim. (Mot. to Dismiss 13-15, ECF No. 12.) Mr. and Mrs. Tanne also claim a refund of $15,535 for the

2005 tax year. (Am. Compl. ¶ 10, ECF No. 6-1.) However, a March 18, 2013 tax court decision, pursuant to a stipulation between the parties, entered a judgment of a $1,080 deficiency in income tax owed by Mr. and Mrs. Tanne for the 2005 tax year. (Decision, ECF No. 12-1 at 4.) The Court can consider this tax court decision in a motion to dismiss without converting the motion into one for summary judgment because it qualifies as a public record of court action, making it subject to judicial notice. *See Tal*, 453 F.3d at 1264 n.24. The United States argues that res judicata bars Mr. and Mrs. Tanne from re-litigating their 2005 tax liabilities and any potential refund claims because they opted not to pursue these claims when they entered into the stipulation. (Mot. to Dismiss 15, ECF No. 12.)

The doctrine of res judicata provides that "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound" to the judgment. *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948). Res judicata requires satisfaction of four elements:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

*Nwosun v. General Mills Rest.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Res judicata applies equally to the federal income tax field, so that "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year." *Sunnen*, 333 U.S. at 598.

In *United States v. Int'l Bldg. Co.*, the Supreme Court addressed the effect of a tax court stipulation on subsequent lawsuits relating to the same tax year. 345 U.S. 502 (1953). There, the Commissioner assessed deficiencies against the taxpayer for the 1933, 1938, and 1939 tax years, claiming that the taxpayer "had claimed an excessive value as its basis for depreciating [its]

property." *Id.* at 503. Nevertheless, the parties eventually stipulated in tax court that the taxpayer did not owe any taxes for the tax years in question, and the tax court entered a judgment pursuant to the stipulation. *Id.* at 503-04. In 1948, when the Commissioner again assessed deficiencies, but this time for the 1943, 1944, and 1945 tax years, based on excessive depreciation by the taxpayer, the taxpayer argued that the decisions of the tax court for the 1933, 1938, and 1939 tax years acted as res judicata of the value of the basis. *Id.* at 504. The Supreme Court disagreed, holding that the tax court's decisions "were only a pro forma acceptance by the Tax Court of an agreement between the parties to settle their controversy for reasons undisclosed." *Id.* at 505. Notably, however, the Supreme Court added that "[c]ertainly the judgments entered are res judicata of the tax claims for the years 1933, 1938, and 1939, whether or not the basis of the agreements on which they rest reached the merits." *Id.* at 506; *see also In re Matunas*, 261 B.R. 129, 133 (Bankr. D. N.J. 2001) (invoking res judicata to preclude the IRS from relitigating taxpayers' liability for the 1993 tax year where parties previously entered into a stipulation agreement for the 1993-95 tax years).

Here, the undersigned agrees with the United States that res judicata bars Mr. and Mrs. Tanne from bringing a refund claim for the 2005 tax year in light of the tax court's stipulated decision that the Tannes owed $1,080 in income taxes for 2005. A stipulated tax court judgment "has the full effect of final judgment" and binds the parties as to all aspects of the taxpayer's liability for the time period in question. *Golden v. Comm'r*, 548 F.3d 487, 495 (6th Cir. 2008); *Egbert v. United States*, 752 F. Supp. 1010, 1018 (D. Wyo. 1990) (holding tax court decisions "conclusive as to all matters decided therein as well as all matters which could have been decided"). The stipulated tax court decision here involved the same parties and the same claim, namely Mr. and Mrs. Tanne's tax liability for the 2005 tax year. (*See* Decision, ECF No. 12-1 at

13

4.) Finally, Mr. and Mrs. Tanne do not contend, nor does the record indicate that Mr. and Mrs. Tanne did not have a full and fair opportunity to litigate their 2005 tax refund claim in the tax court. (*See* ECF No. 12-1 at 2-3 (Tax Court Docket).) Thus, res judicata bars Mr. and Mrs. Tanne's 2005 tax refund claim. Where res judicata bars a claim, amendment of that claim would prove futile. *See Gee,* 627 F.3d at 1195 (noting where preclusion bars a claim amendment would prove futile). Therefore, the undersigned RECOMMENDS the Court dismiss Mr. and Mrs. Tanne's 2005 tax refund claim with prejudice.

## V.     Request for Extension of Time to Respond to Motion to Dismiss

In their Motion to Strike, Mr. and Mrs. Tanne request an additional twenty-one days to respond to the United States' Motion to Dismiss if the Court chooses not to strike the Motion to Dismiss. (ECF No. 21 at 3.) Under Rule 6, courts may grant extensions of time "for good cause" if a party requests the extension before the original time to act expires. Fed. R. Civ. P. 6(b)(1)(A). Under the local rules, a party may file a memorandum opposing a Rule 12(b) motion within twenty-eight days after service of the motion. DUCivR 7-1(b)(3)(A). Mr. and Mrs. Tanne filed their Request for Extension to Respond along with their Motion to Strike on November 10, 2015, twenty-seven days after the United States served its Motion to Dismiss. (ECF Nos. 12, 21.) Thus, the Request falls under Rule 6(b)(1)(A) because the Tannes filed it within the time to respond.

However, Mr. and Mrs. Tanne fail to state any good cause to justify an extension. Mr. and Mrs. Tanne claim that the Court should grant an extension "by virtue of equity and fairness" due to the United States' alleged failure to file its Motion to Dismiss timely. (ECF No. 21 at 3.) As previously explained, Mr. and Mrs. Tanne's failure to serve the United States properly discharges any obligation on the United States' part to file a Motion to Dismiss or even make an

appearance.  Therefore, the undersigned DENIES Mr. and Mrs. Tanne's Request for Extension to Respond to the United States' Motion to Dismiss.  See *Ruleford v. Tulsa World Publ'g Co.*, 266 F. App'x 778, 786 (10th Cir. 2008) (unpublished) (upholding district court's denial, after passing of deadline, of motion for extension because plaintiff failed to demonstrate good cause for extension under Rule 6(b)(1)).

Mr. Tanne appeared on June 24, 2016 to argue these Motions.  In doing so, the substantive basis he had for opposing the Motion to Dismiss concerned interest accruals and payments occurring after the events alleged in the Complaint.  As the arguments concerned claims not pled, the Court does not consider them on a motion to dismiss.  To the extent Mr. and Mrs. Tanne have arguments against dismissing their Complaint in addition to those raised in their Motion to Strike or in oral argument, they may make those arguments in an objection to this Report and Recommendation.  Additionally, Mr. Tanne mentioned he may move to amend his Complaint to add claims or may bring a new case with those claims.

## RECOMMENDATION

Mr. and Mrs. Tanne did not effect proper service on the United States within the 120-day time period provided in Rule 4(m), and the undersigned RECOMMENDS the Court treat the 12(b)(5) Motion as a Motion to Quash Service, grant it, and, should the Court allow the Tannes to file a second amended complaint, the undersigned will direct the U.S. Marshal Service to serve process on the United States within thirty (30) days of the second amended complaint's filing.  The undersigned also RECOMMENDS the Court DENY Mr. and Mrs. Tanne's Motion for Entry of Default and Motion to Strike because Mr. and Mrs. Tanne have failed to serve the United States properly.  Furthermore, the undersigned RECOMMENDS the Court dismiss Mr.

and Mrs. Tanne's claims with prejudice because the statute of limitations has run on their 2004 tax refund, and res judicata bars their 2005 tax refund claim.

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this  27th  day of June, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge