IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JAMES S. TANNE and MEGAN M. TANNE,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE SERVICE,<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00296-RJS<br><br>Judge Robert J. Shelby |

  Pro se Plaintiffs James and Megan Tanne sued the Commissioner of the Internal Revenue Service (IRS), seeking refunds of tax overpayments for the 2004 and 2005 tax years.[1]  The court referred the case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B).[2]  Judge Furse granted Plaintiffs leave to proceed *in forma pauperis*.[3]

  On June 27, 2016, Judge Furse issued a Report and Recommendation, recommending that the court grant the United States' Motion to Dismiss, deny Plaintiffs' Motion for Entry of Default, and deny Plaintiffs' Motion to Strike the United States' Motion to Dismiss.[4]  Plaintiffs filed an Objection to that Report and Recommendation.[5]  For the reasons stated below, the court overrules Plaintiffs' Objection, and adopts the Report and Recommendation.

---

[1] Dkt. 3.
[2] Dkt. 5.
[3] Dkt. 2.
[4] Dkt. 41.
[5] Dkt. 48.

**BACKGROUND**

Plaintiffs filed with the IRS in August 2008 a tax return for the 2004 tax year, and filed in October 2009 a tax return for the 2005 tax year. The IRS in turn initiated an audit of Plaintiffs' 2004 and 2005 returns, and determined that both returns were deficient. Plaintiffs filed in December 2011 a petition with the Tax Court for the 2004 and 2005 tax years. The Tax Court dismissed in February 2013 the 2004 tax year from the proceedings. That same month, the parties entered into and filed with the Tax Court a Stipulation of Facts and Stipulation of Settled Issues concerning the 2005 tax year. The Tax Court entered in March 2013 an order on the 2005 tax liabilities. Meanwhile, Plaintiffs filed with the IRS in February 2013 a Form 843 claim for a refund of their 2004 taxes. The IRS denied Plaintiffs' 2004 tax refund claim on April 16, 2013.

On April 20, 2015, Plaintiffs filed their Complaint in this case under 26 U.S.C. § 7422 against the Commissioner of the IRS. Four days earlier, Plaintiffs delivered a copy of the Complaint and the Summons to the IRS by certified mail.[6] Judge Furse granted in August 2015 Plaintiffs' Motion to Amend Complaint.[7] And on August 14, 2015, Mr. Tanne personally served a copy of the Amended Complaint and the Summons on Assistant United States Attorney John Mangum.[8] Mr. Tanne testified that Mangum accepted service on behalf of the IRS.[9]

On October 14, 2015, the United States substituted itself as Defendant, and filed a Motion to Dismiss Plaintiffs' claims for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), for lack of subject-matter jurisdiction under Rule 12(b)(1), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[10]

On October 16, 2015, Plaintiffs filed a Motion for Entry of Default, in which they argued

---

[6] Dkt. 18.
[7] Dkt. 8.
[8] Dkt. 7.
[9] Dkt. 16.
[10] Dkt. 12.

that the IRS failed to timely file a response within sixty days of service of the Complaint.[11] That same day, Mr. Tanne personally mailed a copy of the Complaint to the United States Attorney General.[12] On October 28, 2015, nonparty Steven Seely mailed a copy of the Summons to the United States Attorney's Office for the District of Utah.[13] And on November 10, 2015, Plaintiffs moved to strike the United States' Motion to Dismiss as untimely.[14]

Judge Furse heard oral argument on the motions on June 24, 2016,[15] and issued a written Report and Recommendation three days later.[16] Judge Furse first acknowledged that the United States is the proper Defendant. She then recommended that the court treat the United States' Rule 12(b)(5) Motion as a Motion to Quash Service of Process, and grant it because Plaintiffs failed to properly serve the necessary parties. Next, Judge Furse recommended that the court deny Plaintiffs' Motion for Entry of Default because "courts cannot enter a default order against a defendant before the plaintiff properly serves that defendant."[17] She similarly recommended that the court deny Plaintiffs' Motion to Strike because "a party has no duty to plead until properly served."[18] Judge Furse finally recommended that the court dismiss Plaintiffs' 2004 refund claim with prejudice because it is barred by the applicable statute of limitations, and dismiss Plaintiffs' 2005 tax refund claim with prejudice because it is barred under the doctrine of res judicata.

Plaintiffs timely objected to Judge Furse's recommendations.

---

[11] Dkt. 13.
[12] Dkt. 19.
[13] Dkt. 21-2.
[14] Dkt. 21.
[15] Dkt. 39.
[16] Dkt. 41.
[17] *Id.* at 7.
[18] *Id.* at 8 (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008)).

**STANDARD OF REVIEW**

A district court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for eight enumerated dispositive motions.[19] When a party timely objects to a magistrate judge's ruling on a non-dispositive matter, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[20]

A district court may also designate a magistrate judge to hear dispositive motions and make proposed findings of fact and recommendations to the court.[21] The court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[22]

In performing this analysis, courts must construe pro se litigants' pleadings liberally.[23] But pro se litigants are obligated to comply with the Federal Rules of Civil Procedure.[24] And courts must avoid becoming a pro se litigant's advocate.[25]

**ANALYSIS**

Plaintiffs object to Judge Furse's recommendation to (1) deny Plaintiffs' Motion to Strike, (2) deny Plaintiffs' Motion for Entry of Default, and (3) grant the United States' Motion to Dismiss. The court first addresses Plaintiffs' Motion to Strike and Motion for Entry of Default, before analyzing the United States' Motion to Dismiss.

**I.   Plaintiffs' Motion to Strike and Motion for Entry of Default**

Judge Furse recommended that the court deny Plaintiffs' Motions to Strike and for Entry of Default because Plaintiffs failed to properly serve the United States.[26] The parties agree that resolution of Plaintiffs' Motions turn on whether Plaintiffs properly served the United States.

---

[19] 28 U.S.C. § 636(b)(1)(A).
[20] Fed. R. Civ. P. 72(a).
[21] 28 U.S.C. § 636(b)(1)(B).
[22] Fed. R. Civ. P. 72(b)(3).
[23] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).
[24] *Id.*
[25] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012).
[26] Neither party disputes Judge Furse's conclusion that the United States is the proper Defendant.

To properly serve the United States, a "person who is at least 18 years old and not a party" to the action[27] must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.[28]

The United States may not waive service of process,[29] and actual notice of a lawsuit does not cure defective service under the Federal Rules.[30] Moreover, where a party uses the mail to serve the United States, "only a nonparty can place the summons and complaint in the mail."[31] Under the applicable version of the Rules, a party must effect service "within 120 days after the complaint is filed."[32]

As Judge Furse stated, Plaintiffs filed their Complaint on April 20, 2015, meaning they had until August 18, 2015, to serve the United States Attorney's Office, the Attorney General, and the IRS. Plaintiffs, however, failed to properly do so.

First, Mr. Tanne personally served Assistant United States Attorney Mangum in violation of the nonparty service requirement. Although nonparty Steven Seely later mailed a copy of the

---

[27] Fed. R. Civ. P. 4(c)(2).
[28] *Id.* 4(i)(1).
[29] *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).
[30] *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1255 (W.D. Okla. 2011) (citations omitted).
[31] *Constien*, 628 F.3d at 1213.
[32] Fed. R. Civ. P. 4(m). As Judge Furse noted, amended Rule 4(m) took effect on December 1, 2015, and reduced the time for serving a defendant from 120 days to 90 days. *See Swan v. Fauvel*, 2015 WL 7755493, at *7 n.4 (D. Colo. Dec. 2, 2015). This amendment does not apply here, however, because it was not effective until after Plaintiffs filed their Complaint and after 120 days passed. *See id.*

Summons to the United States Attorney's Office, there is no indication that he also mailed a copy of the Complaint. And even so, Seely mailed a copy of the Summons on October 28, 2015, well after the August 18, 2015 deadline. Second, Mr. Tanne again violated the nonparty requirement when he personally mailed a copy of only the Complaint to the Attorney General fifty-nine days late on October 16, 2016. Finally, Mr. Tanne once more violated that requirement by personally mailing on April 16, 2015, a copy of the Complaint to the IRS. Judge Furse correctly concluded that Plaintiffs have yet to effect proper service on the United States.

As Plaintiffs point out, Rule 4(c)(3) requires the court to order a United States marshal, a deputy marshal, or a personal specially appointed by the court to effect service if the court grants the plaintiff leave to proceed *in forma pauperis*. While Plaintiffs are not culpable for the court's failure to issue such an order, the bottom line is that service has yet to be effected on the United States. The court may not enter default against a party that has not been properly served.[33] And a party has no duty to plead until properly served.[34] Judge Furse correctly concluded that the "United States had no obligation to file a Motion to Dismiss or even make an appearance."[35]

## II. The United States' Motion to Dismiss

Judge Furse also recommended that the court grant the United States' Motion to Dismiss because (A) Plaintiffs' 2004 tax refund claim is barred by the applicable statute of limitations, and (B) Plaintiffs' 2005 tax refund claim is barred by the doctrine of res judicata. The court addresses each claim in turn.

---

[33] *Commodities Future Trading Comm'n v. Wall Street Underground, Inc.*, 221 F.R.D. 554, 558 (D. Kan. 2004); *see also Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008) ("Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.").
[34] *Fisher*, 531 F. Supp. 2d at 1269 n.12.
[35] Dkt. 41 at 8. The court also agrees with Judge Furse that the United States' Rule 12(b)(5) Motion to Dismiss should be construed as a motion to quash service of process. *See Conley v. Pryor*, 2015 WL 413638, at *4 (D. Kan. Jan. 30, 2015) (granting a motion to quash service of process based on insufficient service of process under Rule 12(b)(5)). And for the reasons stated above, the court concludes that Judge Furse correctly concluded that the motion to quash should be granted.

### A. 2004 Tax Refund Claim

The United States moved to dismiss under Rule 12(b)(6) Plaintiffs' 2004 tax refund claim as untimely. An argument that a claim is barred by the statute of limitations "may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been distinguished.'"[36]

Plaintiffs brought this lawsuit pursuant to 26 U.S.C. § 7422. The applicable statute of limitations is found in 26 U.S.C. § 6532(a)(1), which provides in relevant part:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.[37]

The IRS denied Plaintiffs' 2004 tax refund claim on April 16, 2013, meaning Plaintiffs had until April 16, 2015, to file this lawsuit. Plaintiffs, however, did not file their Complaint until April 20, 2015—four days after the statutory deadline. Accordingly, Judge Furse correctly concluded that "the statute of limitations on the Tannes' 2004 tax refund claim has run."[38]

Judge Furse also correctly rejected Plaintiffs' argument that the court should equitably toll the limitations period while the parties attempted to settle this matter before the Tax Court between December 2011 and February 2013. Judge Furse correctly identified authority for the proposition that there is no equitable tolling exception in § 6532(a).[39] And she correctly noted that equitable tolling in this instance would not toll the running of the statute of limitations that began to run on April 16, 2013, after the alleged tolling period.

---

[36] *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463, 465 (10th Cir. 2009) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).
[37] 26 U.S.C. § 6532(a)(1).
[38] Dkt. 41 at 10.
[39] *See RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed. Cir. 1998) (concluding that 26 U.S.C. § 6532(a) does not contain an implied equitable tolling exception).

Plaintiffs' 2004 tax refund claim is dismissed with prejudice.[40]

B. **2005 Tax Refund Claim**

Lastly, the United States moved to dismiss Plaintiffs' 2005 tax refund claim under the doctrine of res judicata. The United States argued that Plaintiffs had an opportunity to litigate their 2005 tax liabilities—including any refund claim—in the Tax Court until the Court entered an order and judgment (pursuant to the parties' stipulation) in March 2013 that Plaintiffs had a deficiency in their income taxes.

A claim is barred by the doctrine of res judicata if four elements are established:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.[41]

In the federal income tax context, "[e]ach year is the origin of a new liability and of a separate cause of action."[42] "[I]f a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year."[43] And under 26 U.S.C. § 6512(a), "filing a petition to the Tax Court to challenge an asserted deficiency bars the taxpayer from bringing a suit in any other court for the recovery of any part of the tax for that taxable year."[44]

Here, the Tax Court proceeding involved the same parties, the same claim, and the same tax year at issue here. Plaintiffs filed in December 2011 a petition with the Tax Court to resolve their tax liabilities for the 2005 tax year after the IRS determined their 2005 return was deficient. Pursuant to the parties' stipulation, the Tax Court issued in 2013 an order and judgment that

---

[40] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (recognizing that allowing a pro se litigant to amend her complaint would be futile where the claims are barred by the statute of limitations).
[41] *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).
[42] *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598 (1948).
[43] *Id.*
[44] *Hook v. United States*, 624 F. App'x 972, 978 (10th Cir. 2015) (unpublished) (quoting *Koss v. United States*, 69 F.3d 705, 708 (3d Cir. 1995)).

Plaintiffs had a deficiency in their income taxes.  Plaintiffs' tax liabilities for the 2005 tax year were litigated to a final judgment.[45]  And there is no indication Plaintiffs had anything short of a full and fair opportunity to assert their refund claim there.[46]  Judge Furse correctly concluded that res judicata bars Plaintiffs from here asserting their 2005 tax refund claim in view of the Tax Court's 2013 order and judgment.

Plaintiffs' 2005 tax refund claim is dismissed with prejudice.[47]

## CONCLUSION

For the reasons stated above, Plaintiffs' Objection (Dkt. 48) is OVERRULED, and Judge Furse's June 27, 2016 Report and Recommendation (Dkt. 41) is ADOPTED.

The court therefore ORDERS that:

- The United States' Motion to Dismiss (Dkt. 12) is GRANTED;

- Plaintiffs' Motion for Entry of Default (Dkt. 13) is DENIED; and

- Plaintiffs' Motion to Strike (Dkt. 21) is DENIED.

SO ORDERED this 21st day of September, 2016.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[45] *See Golden v. Comm'r of Internal Revenue*, 548 F.3d 487, 495 (6th Cir. 2008) ("For purposes of res judicata, a stipulated decision has the full effect of final judgment." (citation omitted) (internal quotation marks omitted)).

[46] *See Sunnen*, 333 U.S. at 597 (stating that res judicata binds the parties "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose" (citation omitted) (internal quotation marks omitted)).

[47] *See Gee*, 627 F.3d at 1195 (stating that amendment would be futile where a plaintiff's claim is barred by preclusion).