IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES S. TANNE & MEGAN M. TANNE,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE SERVICE,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DENY MOTION TO ADD SUPPLEMENTAL CLAIM (ECF NO. 63)**<br><br>Civil No. 2:15-cv-00296-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiffs James Tanne and Megan Tanne move the Court[1] for "leave to supplement their pleadings with a Supplemental Claim for 2012 Offsets for 2005." (Am. Request for Leave to Submit Suppl. Claim ("Mot.") 1, ECF No. 63.) Specifically, Mr. and Ms. Tanne's supplemental claim contests the penalty amount and interest the IRS applied in 2013 and 2014 from a 2012 overpayment to tax owed by Mr. and Ms. Tanne from their 2005 tax return. (Suppl. Claim for 2012 offsets for 2005 ("Suppl. Claim"), ¶¶ 4-5, 12, ECF No. 63-1.) The undersigned RECOMMENDS the District Court deny Mr. and Ms. Tanne's Motion because it lacks jurisdiction over the supplemental claim, and alternatively res judicata bars the supplemental claim.

On April 20, 2015, Mr. and Ms. Tanne filed a Complaint against the Commissioner of Internal Revenue Service seeking refunds for the 2004 and 2005 tax

---

[1] On August 11, 2015, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

1

years.  (ECF No. 3.)  On July 12, 2016, the Tannes filed a Request for Leave to Submit Supplemental Claim.  (ECF No. 47.)  After dismissal of their Complaint, (ECF No. 55), and denial of their initial request for failure to meet local rules, (ECF No. 61), Mr. and Ms. Tanne filed a Motion for Leave to File a Supplemental Claim.  (Am. Request for Leave to Submit Suppl. Claim ("Mot."), ECF No. 63.)

## I.  DISCUSSION

Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), a court shall freely grant leave to amend when justice requires.  Fed. R. Civ. P. 15(a)(2).  Courts "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"  Duncan v. Manager, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239–40 (10th Cir. 2001).

Mr. and Ms. Tanne argue this Court should grant their Motion because "[t]he cause of action arose after Petitioners filed the initial claim," and "the new supplemental claim stands on its own, demanding repayment of separate funds which were garnished from overpaid taxes in the 2012 tax year for offsets in the 2005 tax year."  (Mot. 1–2, ECF No. 63.)   The United States argues the Court should deny Mr. and Ms. Tanne's Motion because the supplemental claim "is futile and would be subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject matter under Fed. R. Civ. P. 12(b)(1)."  (United States' Mem. in Opp'n to Pls.' Am. Request for Leave to Suppl. Proceedings, ("Opp'n"), 2, ECF No. 64.)

2

Specifically, the United States contends the Court should deny the supplemental claim because (1) the claim is time barred under 26 U.S.C. § 6511, (2) the attempt to have 2004 funds applied to 2005 is time barred, and (3) the Court lacks subject matter jurisdiction over the claim under 26 U.S.C. § 6512. (Id. at 7-9.) The Court considers the subject matter jurisdiction argument first, as it must. See Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007).

**1. The Court Lacks Jurisdiction Over Mr. and Ms. Tanne's Proposed Supplemental Claim.**

The United States argues this Court should deny Mr. and Ms. Tanne's Supplemental Claim as futile because the Court lacks subject matter jurisdiction. Specifically, the United States argues "this Court lacks jurisdiction over the proposed supplemental claim for 2005 pursuant to 26 U.S.C. § 6512(a) because the Plaintiffs already challenged the 2005 tax year deficiency before the Tax Court." (Opp'n 9, ECF No. 64.)

26 U.S.C. § 6512(a) provides that "if the taxpayer files a petition with the Tax Court . . . no credit or refund of income tax for the same taxable year . . . in respect of which the secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court." 26 U.S.C. § 6512(a).

> Section 6512(a) is an exception to the general rule that the United States may not be sued in its own courts. The exception provided by section 6512(a) is a limited one and generally prohibits a taxpayer from instituting an action against the government once he has petitioned to the Tax Court. . . . [S]ection 6512(c) serves to "deprive the district court of jurisdiction" once the Tax Court has been petitioned. . . . The jurisdictional bar of section 6512(a) operates to prohibit any action for taxes for that taxable year.


Solitron Devices, Inc. v. United States, 862 F.2d 846, 848 (11th Cir. 1989) (citing United States v. Alabama, 313 U.S. 274 (1941), Holzer v. United States, 250 F. Supp. 875, 877 (E.D. Wisc.), aff'd, 367 F.2d 822 (7th Cir. 1966); quoting 1st Nat'l Bank of Chicago v. United States, 792 F.2d 954, 956 (9th Cir.1986)).  Courts consider penalties and interest as part of the "tax" contemplated by § 6512.  See, e.g., Cheesecake Factory Inc. v. United States, 111 Fed. Cl. 686, 696 (Fed. Cl. 2013).

      Mr. and Ms. Tanne contend that "Defendant's assertions of 26 U.S.C. § 6512 relative to tax year 2005 are not relevant because the Supplemental Claim does not attach to the $1,080 assessment of the 2005 tax against taxpayers' income – there is no dispute over this amount, nor was there ever."  (Reply 10, ECF No. 65.)  Mr. and Ms. Tanne dispute only the amount of the penalty and interest assessed on the $1,080.00 deficiency.  Specifically, Mr. and Ms. Tanne claim that "there should be no interest accrued nor penalties assessed" because they overpaid their 2004 taxes, and therefore "never at any time was any portion of the $1080 not prepaid by Petitioners large overpayment of taxes on account" from 2004.  (Suppl. Claim 4, ECF No. 63-1.)

      However, the Tannes filed a petition with the Tax Court.  (Suppl. Cl., Ex. E, ECF No. 63-1.)   And, before the Tax Court on March 23, 2013, Mr. and Ms. Tanne stipulated "[t]hat there is a deficiency in income tax due from petitioners for the taxable year 2005 in the amount of $1,080.00."  (Id.)  Mr. and Ms. Tanne further stipulated that "interest will accrue and be assessed as provided by law on the deficiency due from petitioners." (Id.)  The stipulation expressly states the Tannes owe no penalty under I.R.C. § 6662(a).  (Id.)  At the time that Mr. and Ms. Tanne stipulated that interest would accrue and be assessed on the $1,080.00 deficiency, Mr. and Ms. Tanne knew that they had

overpaid their income tax liability for 2004 by $29,897.65. (Suppl. Cl., Ex. G, ECF No. 63-1.) In a letter dated February 6, 2013, from the I.R.S. to Mr. and Ms. Tanne, the I.R.S. writes, "you have overpaid your income tax liability for 2004 by $29,897.65." (Id.)

Thus, on March 23, 2013, Mr. and Ms. Tanne had the opportunity to argue before the tax court that interest should not accrue on the 2005 $1,080.00 deficiency because their 2004 overpayment meant the I.R.S. always had the right amount of money. Similarly, the Tannes could have argued the failure to pay penalty under 26 U.S.C. § 6651 should not apply because of the previous overpayment. Under § 6512(a), once the Tannes petitioned the Tax Court for the 2005 tax year, the district court no longer had jurisdiction over any claims relating to that tax year. See Solitron, 862 F.2d at 849 (quoting Lakovich v. IRS, No. 79-F-226 (D. Colo. Mar. 18, 1980)).

Additionally, the doctrine of res judicata prevents this Court from revisiting the March 23, 2013 Tax Court order on the 2005 tax year. (Order Adopting R&R 8-9, ECF No. 55.) Mr. and Ms. Tanne plead that penalties and interest should not have accrued. (Suppl. Cl. ¶¶ 4-5, ECF No. 63-1.) However, Mr. and Ms. Tanne stipulated to the Tax Court's order that "interest will accrue and be assessed as provided by law on the deficiency due from petitioners." (Id., Ex. E at 2.) Further, the stipulation expressly excludes one type of penalty but not the one the I.R.S. assessed. (Id. at 1.) The Tannes could have addressed these issues with the Tax Court but did not.

In their Reply, the Tannes argue the United States failed to show that it mailed the notice of disallowance properly. (Reply to Opp'n to Am. Request for Leave to Submit Suppl. Claim & Request for Hearing ("Reply") ¶ 26, ECF No. 65.) However, "the party invoking federal jurisdiction bears the burden of proof." Pentco Corp. v. Union

Gas Sup. Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The Supplemental Claim does not include any allegations of a failure to mail the notice of disallowance properly. Moreover, the Tannes do not claim a failure to mail in their Reply; they simply state that the United States did not prove that it properly mailed the notice of disallowance. Finally, the course of proceedings strongly suggests the Tannes received the notice of disallowance as they did seek relief in Tax Court. For these reasons, the undersigned finds the lack of information about the mailing of the notice of disallowance immaterial.

The only possible exception to 26 U.S.C. § 6512(a) that could apply allows suits for "any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final." 26 U.S.C. § 6512(a)(2). In this case, the Tax Court decision expressly contemplated an award of interest on the fixed amount of the deficiency and excluded only one type of penalty. (Suppl. Cl., Ex. E, ECF No. 63-1.) The Tannes do not argue this exception, and their argument that no penalties or interest could have accrued due to their 2004 overpayment could have been addressed with the Tax Court and was not. See Solitron, 862 F.2d at 849 (holding a refund claim in Tax Court bars any additional claims by the taxpayer regarding that year in federal district court). Therefore, this exception does not apply. Accordingly, the undersigned RECOMMENDS the District Court find it lacks jurisdiction over the Supplemental Claim.

### 2. 26 U.S.C. § 6511 Does Not Time Bar Mr. and Ms. Tanne's Supplemental Claim.

Alternatively, the United States argues 26 U.S.C. § 6511 bars the Supplemental Claim "because the Tannes' administrative claim for refund was filed with the IRS more than two years after the time of payment." (Opp'n 6, ECF No. 64.) Specifically, the

6

United States argues that "[t]he funds used to satisfy the 2005 tax year liability can be traced to the Tannes' 2012 income tax return," and "[t]hese amounts were 'paid' as of the due date of the Tannes' 2012 tax return, or April 15, 2013." (Opp'n 8, ECF No. 64.) The United States contends that "because the Tannes filed their administrative claim for refund on August 14, 2015 (Doc. 63-1 p. 9)—over two years after they last made payment towards the 2005 liabilities, April 15, 2013—their claim is time barred under 26 U.S.C. § 6511." (Opp'n. 8, ECF No. 64.)

Under 26 U.S.C. § 6511, a "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a).

Mr. and Ms. Tanne allege they filed a standardized Form 1040 for 2012 on February 12, 2014. (Suppl. Cl. ¶ 3, ECF No. 63-1.) Mr. and Ms. Tanne may have made their last payment toward the 2005 liability on April 15, 2013, but they allege they filed their IRS Form 1040 for 2012 on February 12, 2014. (Id.) The Tannes filed their request for a refund on August 14, 2015, (Suppl. Cl., Ex. B, ECF No. 63-1.) Since the statue sets one date limitation based on the time of payment and the other on the time of filing the return, and cuts off a claim only when the latest one runs, the Court must consider both triggering events before deciding whether the statute bars the claim. Under the alleged facts, the statute of limitations based on payment ran on April 15, 2015, but the statute of limitations based on the filing of the return did not run until February 12, 2017. Taking the allegations of the Supplemental Claim as true, Mr. and

7

Ms. Tanne filed a claim for refund of an overpayment of tax within three years of the filing of the tax return as required by 26 U.S.C. § 6511. Therefore, 26 U.S.C. § 6511 does not bar their claim.

### 3. Mr. and Ms. Tanne's Attempt to Have 2004 Funds Prevent Accrual of Interest and Penalties in 2005 May Not be Time Barred.

The United States also contends this Court should deny Mr. and Ms. Tanne's Supplemental Claim as futile because Mr. and Ms. Tanne ask this Court to "refund an alleged overpayment from the 2004 tax year and retroactively apply it to 2005." (Opp'n 8, ECF No. 64.) The United States argues that Mr. and Ms. Tanne's Supplemental Claim is time barred because "any claim to move or refund funds from 2004 to another tax year has already been determined to be time-barred" by the Court in its previous orders. (Opp'n 8–9, ECF No. 64.) The United States makes this argument without citation to any case law or statues.

Mr. and Ms. Tanne seek a determination that they never owed penalties or interest on their 2005 underpayment because for the entire time they owed that money the I.R.S. possessed their overpayment from the 2004 tax year. (Suppl. Cl. ¶¶ 12-14, ECF No. 63-1.) Thus, they seek a refund of the penalty and interest. (Id.) In its Order, the Court dismissed Mr. and Ms. Tanne's 2004 tax refund claim with prejudice as barred by the statute of limitations. (Order Adopting R&R 7-8, ECF No. 55.) The Tannes do not seek a refund of their 2004 taxes but rather acknowledgement that the I.R.S. always had money they paid to cover the 2005 tax underpayment. The United States has not carried its burden, in opposing a motion to amend, to show the Supplemental Claim regarding 2005 is foreclosed from relying on excess tax held by the I.R.S. from 2004. Conceivably, the statute of limitations could foreclose a refund of the 2004 overpayment

but not foreclose its use as a temporary offset against the 2005 underpayment thus preventing the accrual of the failure to pay penalty and interest for late payment. The statute of limitations may do that, but the United States has not shown that it does. Thus, the undersigned cannot say that the Supplemental Claim is futile for this reason.

### IV.  RECOMMENDATION

Nonetheless, the undersigned RECOMMENDS the District Judge deny Mr. and Ms. Tanne's Motion to Add Supplemental Claim because the Court lacks jurisdiction. Alternatively, res judicata bars the challenge to the 2005 Tax Court decision, which specifically addressed penalties and interest.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Id. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of November 2017.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge