**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| JAMES S. TANNE and MEGAN M. TANNE<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE SERVICE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-296<br><br>Judge Robert J. Shelby |

This case arises out of a dispute over tax refunds for James and Megan Tanne (collectively, the Tannes). The Tannes requested leave from the court to file a supplemental claim addressing the penalty and interest amount applied to their 2005 tax return.[1] The case was referred to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. Section 636(b)(1)(B). Before the court is Judge Furse's Report and Recommendation,[2] which recommends denying the Tannes' Motion for Leave to File a Supplemental Claim.

## BACKGROUND

The Tannes' supplemental claim arises from a deficiency as to their 2005 taxes. The Tannes applied a refund from their 2012 tax year to partially cover the 2005 deficiency. In March 2013, the Tax Court issued an Order stating that the Tannes had a deficiency of $1,080 from the 2005 tax year. The Order also stated that an accuracy-related penalty would not apply

---

[1] Dkt. 63.

[2] Dkt. 66.

and that the parties "stipulated that interest will accrue and be assessed as provided by law on the deficiency due from petitioners."[3]

The Tannes filed a Complaint with this court in April 2015, seeking refunds for overpayments from the 2004 and 2005 tax years. After the court dismissed their claims, the Tannes submitted a Motion for Leave to File a Supplemental Claim regarding interest and a failure-to-pay penalty assessed for the 2005 tax year.[4] Judge Furse denied the Motion in a Report and Recommendation, stating the court lacks jurisdiction over the supplemental claim, or, alternatively, res judicata bars the claim.[5] Judge Furse also concluded that, if the jurisdictional bar did not apply, the supplemental claim would not have been time barred.[6] The Tannes objected, arguing the court has jurisdiction over the supplemental claim and it is not barred by res judicata.

The court reviews the portions of the Report and Recommendation to which the Tannes object under a de novo standard.[7] The court applies a "clearly erroneous" standard to portions with no objection.[8] Under the "clearly erroneous" standard, the court affirms the Magistrate Judge's ruling unless, after reviewing all the evidence, the court "is left with the definite and firm conviction that a mistake has been committed."[9]

## ANALYSIS

The Tannes argue that in her Report and Recommendation Judge Furse erroneously denied their Motion on the bases of res judicata and jurisdiction. The IRS did not object to the

---

[3] Dkt. 63, Ex. E.
[4] Dkt. 63.
[5] Dkt. 66.
[6] *Id.*
[7] Fed. R. Civ. P. 72(b)(3).
[8] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[9] *Id.*

Report and Recommendation, but argued in its opposition to the Tannes' Objection that, contrary to Judge Furse's conclusion, the supplemental claim is also time barred. The court addresses these issues in turn.

**I.     Res judicata**

The Tannes argue Judge Furse erroneously concluded that the Tannes' stipulation in the Tax Court Order barred their claim through res judicata.

The doctrine of res judicata provides that "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound" to the judgment.[10] Where parties stipulate to a Tax Court judgment, the stipulation "has the full effect of final judgment and binds the parties as to all aspects of the taxpayer's liability for the time period in question."[11]

The Tannes stipulated in the Tax Court judgment "that interest will accrue and be assessed as provided by law on the deficiency due from petitioners."[12] They also stipulated that an accuracy-related penalty would not apply but did not address the issue of a failure-to-pay penalty.

Because the Tannes stipulated to the accrual and assessment of interest, they cannot now assert that interest should not have accrued on their deficiency.[13] However, the Tannes did not stipulate to the failure-to-pay penalty. Res judicata does not apply where the court has not entered a final judgment on the merits and the parties have not stipulated to the judgment. The

---

[10] *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948).

[11] *Tanne v. Comm'r of Internal Revenue Serv.*, No. 2:15-CV-00296-RJS-EJF, 2016 WL 5900192, at *7 (D. Utah June 27, 2016), *report and recommendation adopted*, No. 2:15-CV-00296-RJS, 2016 WL 5173243 (D. Utah Sept. 21, 2016) (internal quotation marks omitted).

[12] Dkt. 63, Ex. E.

[13] *Erickson v. United States*, 309 F.2d 760, 764 (Ct. Cl. 1962) (barring claim for refund of interest where taxpayer had stipulated to its collection).

3

failure-to-pay penalty was not part of the stipulation, and there is no evidence the issue of a failure-to-pay penalty was in front of the Tax Court at all, much less adjudicated on the merits. Especially where the application of penalties involves some amount of discretion on the part of the IRS,[14] the court concludes that it would be unreasonable to require plaintiffs to address all possible penalties or face the risk of their arguments being barred by res judicata.

The court concludes the Tannes' claim for a refund of interest is barred by their stipulation, but the claim for a refund of the failure-to-pay penalty is not.

## II. Jurisdiction

Whether the Tannes had the ability to raise arguments about the penalty before the Tax Court is also relevant to the jurisdictional question presented.

Judge Furse held the Tannes' claim was also barred by 26 U.S.C. Section 6512(a), which states "if the taxpayer files a petition with the Tax Court . . . no credit or refund of income tax for the same taxable year . . . in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court." This provision is jurisdictional and "generally prohibits a taxpayer from instituting an action against the government once he has petitioned to the Tax Court."[15]

The Tannes argue that penalties and interest are separate from tax and therefore should not be barred by Section 6512(a). Courts have split on how to resolve this issue. While the Court of Federal Claims held that "failure-to-pay penalties are treated as tax" under Section

---

[14] *See* § 26 U.S.C. 6651(a)(2) (excusing penalty in cases where "such failure is due to reasonable cause and not due to willful neglect").

[15] *Solitron Devices, Inc. v. United States*, 862 F.2d 846, 848 (11th Cir. 1989).

6512(a) and therefore barred,[16] several other courts have stated that claims solely for interest and penalties are not jurisdictionally barred.[17]

However, the court is aware of no case in which a court has held that Section 6512(a) bars a refund claim for interest or penalties from a plaintiff who received the IRS's notice for interest and penalties only *after* the Tax Court decision.[18] To bar a claim that a taxpayer had no opportunity to present to the Tax Court for decision would raise serious due process issues.

In this case, the Tax Court entered its order in March 2013 and the Tannes received notice of the amounts due for interest and the failure-to-pay penalty in May 2013. As noted above, the Tannes addressed the issue of interest in their stipulation, so that issue was before the Tax Court and the Tannes were able to raise any arguments they had about accrual or assessment of interest at that time. But because the failure-to-pay penalty was not addressed in the stipulation, there is no evidence that the issue was ever presented to the Tax Court or that the Tannes had an opportunity to raise arguments about the penalty. Thus, the court concludes that the Tannes' claim for a refund of the failure-to-pay penalty is not jurisdictionally barred.

### III. Time bar

The Report and Recommendation also addressed whether the supplemental claim was time barred.

---

[16] *Cheesecake Factory v. United States*, 111 Fed. Cl. 686, 695 (2013).

[17] *See, e.g.*, *Britton v. United States*, 532 F. Supp. 275, 277–78 (D. Vt. 1981), *aff'd*, 697 F.2d 288 (2d Cir. 1982) (holding "tax" in Section 6512(a) did not include penalties and interest); *First Nat'l Bank of Chicago v. United States*, 792 F.2d 954, 956 (9th Cir. 1986) (contrasting case where plaintiff was seeking recomputation of underlying tax liability with case where plaintiff was "concerned with the assessment and refund of interest," and suggesting Section 6512(a) would not bar the latter).

[18] *Cf. Cheesecake Factory*, 111 Fed. Cl. at 688–89 (barring claim where IRS assessed interest and penalty payments three years before Tax Court decision); *Ishler v. United States*, 115 Fed. Cl. 530, 540 (2014) (barring claim related to underlying tax liability, not later-assessed penalties).

5

Under 26 U.S.C. Section 6511(a), a taxpayer must file a claim for a refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later. An amount paid "as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return."[19]

The Tannes are seeking a refund for their 2005 claim. They filed their 2005 return in October 2009 but did not pay their 2005 penalty and interest assessments at that time. Rather, those assessments were later offset from a refund due on the Tannes' 2012 tax return. The 2012 tax return was due in April 2013, and the Tannes filed it in February 2014. The Tannes did not seek a refund for 2005 until August 2015.

Although the 2005 amount was paid through the 2012 refund, the timing of the 2012 tax refund is not relevant for purposes of Section 6511. Applying Section 6511's timing requirements, the Tannes were required to file their 2005 refund claim by October 2012 (three years after the 2005 return was filed) or April 2015 (two years after they paid the tax due for 2005). Because the Tannes filed their claim for a refund several months after the latest deadline in Section 6511, their claim was untimely. Thus, the supplemental claim is barred on that basis.

## CONCLUSION

The court ADOPTS IN PART and OVERRULES IN PART Judge Furse's Report and Recommendation.[20] The court holds the Tannes' supplemental claim for a refund of interest is barred by res judicata but the part of the claim addressing the failure-to-pay penalty is not. The court also holds that the claim for a refund of the penalty is not jurisdictionally barred. However, the supplemental claim is time barred and thus allowing the claim would be futile. Therefore,

---

[19] 26 U.S.C. § 6513(b)(2).

[20] Dkt. 66.

the court denies the Tannes' Motion to File a Supplemental Claim.[21]  Because no other claims remain, the Clerk of Court is ordered to close the case.

**SO ORDERED** this 12th day of February, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[21] Dkt. 63.